UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KENNETH MEADE** | **CIVIL ACTION NO:** |
| vs. | 3:21-cv-1268 |
| **METROPOLITAN LIFE INSURANCE COMPANY AND ERISA GOODYEAR RETAIL EMPLOYEE BENEFITS PLAN** | **SEPTEMBER 22, 2021** |

## COMPLAINT

COMES NOW, Plaintiff, Kenneth Meade, and makes the following representation to the Court for the purpose of obtaining relief from Defendants' refusal to pay Long-Term Disability benefits due under an employee benefits plan and for Defendant's violation of the Employee Retirement Security Act of 1974 ("ERISA"):

## THE PARTIES

1. Plaintiff Kenneth Meade, ("Plaintiff") is a resident of the State of Connecticut.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Metropolitan Life Insurance Company (MetLife) is a for-profit corporation with its principal place of business in New York, New York.

3. Upon information and belief, at all times hereinafter mentioned, Defendant ERISA Goodyear Retail Employee Benefits Plan ("the Goodyear ERISA Plan") is a welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

4. At all times hereinafter mentioned, MetLife insured and/or administered the long-term disability group benefits provided by the Goodyear ERISA Plan.

5. Defendants may be found in the District of Connecticut.

## JURISDICTION AND VENUE

6. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

7. Venue in the District of Connecticut is appropriate because the defendants may be found in this district.

8. Pursuant to 28 U.S.C. §1391(a)(1) and §1391( c ), this action is properly venued in the District of Connecticut.

## FACTS

9. At all relevant times hereinafter mentioned, Plaintiff was an employee of The Goodyear Tire & Rubber Co. ("Goodyear").

10. At all relevant times hereinafter mentioned, Plaintiff worked as a General Manager for Goodyear.

11. At all times mentioned herein, Plaintiff was an employee eligible for long-term disability benefits under The Goodyear ERISA Plan which is insured and/or administered by Met Life.

12. The Goodyear ERISA Plan provides, among other things, that long-term disability payments will be made to Plaintiff in the event that he becomes disabled due to injury or illness.

13. According to the Goodyear ERISA Plan, an employee is considered Disabled if due to Sickness or accidental injury, and during the first 24 months after the Elimination Period, he or she is unable to perform each of the material duties of his or her Own Occupation. After 24 months, an employee is considered Disabled if he or she is unable to engage in any gainful occupation.

14. During the period within which the Goodyear ERISA Plan was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Plan.

15. Plaintiff's disability is caused by, among other things, a history of four spinal surgeries.

16. Plaintiff filed an application for long-term disability benefits pursuant to the Goodyear ERISA Plan and was approved by MetLife to receive long term disability benefits from October 6, 2017 through March 1, 2020.

17. On February 24, 2020, MetLife informed Plaintiff that his long term disability benefits were being terminated effective March 1, 2020.

18. On August 21, 2020, Plaintiff filed an administrative appeal of the termination of his long-term disability benefits.

19. On October 15, 2020, MetLife denied Plaintiff's administrative appeal.

20. In April of 2019, the Social Security Administration determined that the plaintiff is eligible to receive Social Security Disability benefits because he is unable engage in any occupation in the national or regional economy.

21. Despite Plaintiff's continued disability, Defendants have denied owed long-term

disability benefits to Plaintiff and continue to refuse to pay these benefits pursuant to the Goodyear ERISA Plan.

22. Said refusal on the part of Defendants is a willful and wrongful breach of the plan terms and conditions.

23. MetLife is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

24. MetLife's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the refusal to consider Plaintiff's credible subjective complaints on his ability to work, and the reliance upon a selective review of vocational and medical records to reach a result oriented claim determination.

25. MetLife's claim handling demonstrates a bias against Plaintiff's claim due to its impact on MetLife's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

26. Plaintiff has exhausted all administrative appeals and remedies to the extent they are required under the law.

WHEREFORE, Plaintiff Kenneth Meade prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject long-term disability plan in that he is unable to perform any gainful occupation.

b)   Defendants are obligated to pay continuing benefits to Plaintiff pursuant to the long-term disability and shall pay all benefits owed, plus interest;

c)   Plaintiff shall be afforded appropriate equitable relief to redress Defendants' violation of the terms of the Plan;

d)   Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

e)   Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

f)   Such other and further relief as the Court may deem just and proper.

                              PLAINTIFF

                        By   /S/ Iván A. Ramos
                             Iván A. Ramos (ct#14122)
                             RamosLaw, LLC
                             255 Main Street, Suite 401
                             Hartford, Connecticut 06106
                             Tel. (860) 519-5242
                             Fax. (860) 838-6403
                             ivan@ramosdisability.com